UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00067-GNS-LLK

ERIC LLOYD HERMANSEN                                                                                    PLAINTIFF

v.

LaDONNA THOMPSON, et al.                                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Objections (DN 89) to Magistrate Judge Lanny King's Findings of Fact Conclusions of Law (DN 86). The Court concurrently rules on Plaintiff's Second Motion for Attorney's Fees (DN 84). For the reasons stated below Defendant's Objection is **OVERRULED**, and the Court **ADOPTS** the Magistrate Judge's Recommendations. Therefore, Defendants' Motion for Summary Judgment (DN 79) is **GRANTED**, and Plaintiff's Second Motion for Attorney's Fees (DN 84) is **DENIED AS MOOT.**

### I.    BACKGROUND

Plaintiff, Eric Lloyd Hermansen ("Hermansen") is a Jewish inmate at the Kentucky State Penitentiary ("KSP"). (R. & R., 2, DN 84). Plaintiff filed this action shortly after being transferred to KSP to the Kentucky State Reformatory ("KSR"). (R. & R. 1). Plaintiff believed the meals at KSR were not kosher and demanded changes to the meals, which he had done previously during his tenure at KSP. (R. & R. 1). Plaintiff and KSR are currently negotiating these changes. The present case concerns Plaintiff's alleged constitutional injuries arising from KSR's inability to immediately placate his demands.

## II.  JURISDICTION

Plaintiff alleges claims arising under 42 U.S.C. § 1983. This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## III.  STANDARD OF REVIEW

This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636, which was enacted by Congress to relieve the burden of Article III courts by permitting assignment of certain duties to magistrate judges. *Gomez v. United States*, 490 U.S. 858, 869-70 (1989). Section 636(b) identifies the powers that may be assigned to magistrates by the district court. Section 636(b) also establishes the applicable standard of review for objections to the ruling of a Magistrate Judge on such assigned matters. *See* 28 U.S.C. § 636(b). The Sixth Circuit has explained:

> Thus, § 636(b) creates two different standards of review for district courts when a magistrate court's finding is challenged in district court. A district court shall apply a clearly erroneous or contrary to law standard of review for the nondispositive, preliminary measures of § 636(b)(1)(A). Conversely, dispositive motions accepted from § 636(b)(1)(A), such as motions for summary judgment or for the suppression of evidence, are governed by the de novo standard.

*United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (internal quotation marks omitted) (internal citations omitted) (citation omitted).

## IV.  DISCUSSION

Plaintiff objects to the Magistrate Judge's findings on two grounds. First, Plaintiff alleges that the Magistrate Judge improperly ruled that Plaintiff was seeking damages under the Religious Land Use and Institutional Persons Act ("RLUIPA") instead of 42 U.S.C. § 1983. (Pl.'s Objs. 1, DN 89). Second, Plaintiff alleges that the Magistrate Judge improperly ruled that Defendants were protected by qualified immunity. (Pl.'s Objs. 2). Neither argument has merit.

2

First, the Magistrate Judge did not base his opinion entirely on the RLUIPA. Instead, the Magistrate Judge merely stated that a RLUIPA violation does not necessarily mean a 42 U.S.C. § 1983 violation occurred. (R. & R. 9). This does not mean, as Plaintiff suggests, that the Magistrate Judge did not address Plaintiff's constitutional claims. The Magistrate Judge correctly found that this matter does not involve a clear violation of Plaintiff's constitutional rights that a reasonable person would have known and, therefore, Defendants are entitled to qualified immunity. (R. & R. 5).

The record reflects that the meals served to Plaintiff were in fact kosher and KSR officials went beyond what was required to prepare kosher meals by installing a separate cooking source. (Defs.' Mot. for Summ. J. 5, DN 79-1). Plaintiff's expert, Rabbi Baruch Susman ("Susman"), indicated that issues with the meals at KSR were relatively minor and did not indicate that Jewish law regarding food ("*kashrut*") was being violated.[1] Susman's recommendations primarily dealt with food preparation, rather than the food itself. (Susman Report 1, DN 64). Susman's report does not indicate Hermansen was actively refused kosher food. Instead, the report indicates KSR officials made good faith efforts to ensure kosher cooking practices rather than any clear violations of Jewish law. (Susman Report 1-2). In addition, Plaintiff has failed to establish the inadequacy of the food served to him. The Sixth Circuit has held "that prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions." *Alexander v. Carrick*, 31 F. App'x 176, 179 (6th Cir. 2002). Further, "[f]or the inmate, this is essentially a constitutional right not to eat the offending food

---

[1] "*Kashrut* is the body of Jewish law dealing with what foods can and cannot be eaten and how those foods must be prepared. The word 'Kashrut' comes from [] Hebrew meaning fit, proper or correct." JEWISH VIRTUAL LIBRARY, *Jewish Dietary Laws (Kashrut): Overview of Laws & Regulations*, https://www.jewishvirtuallibrary.org/jsource/Judaism/kashrut.html (last visited, April 7, 2016).

3

item. If the prisoner's diet, as modified, is sufficient to sustain the prisoner in good health, no constitutional right has been violated." *Id*. (citations omitted). Plaintiff has not established a genuine issue of material fact that the meals served to him were so inadequate that he was unable to sustain good health or that KSR undertook any blatant violations of kashrut food preparation. Therefore, the Court adopts the Magistrate Judge's recommendations.

## V.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Findings of Fact, Conclusions of Law and Recommendation of the United States Magistrate Judge (DN 86) is **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and Plaintiff's Objections (DN 89) are **OVERRULED**. Therefore, Defendants' Motion for Summary Judgment (DN 79) is **GRANTED**. As such, Plaintiff's Second Motion for Attorney's Fees (DN 84) is **DENIED AS MOOT**.

**Greg N. Stivers, Judge**
**United States District Court**
May 13, 2016

cc:    counsel of record