UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:13-CV-00067-GNS-LLK

ERIC LLOYD HERMANSEN                                                                    PLAINTIFF

v.

LaDONNA THOMPSON, et al.                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Set Aside (DN 93). The motion has been fully briefed and is ripe for decision. For the reasons stated below, the motion is **DENIED**.

### I.     BACKGROUND

Plaintiff, Eric Lloyd Hermansen ("Hermansen") is a Jewish inmate at the Kentucky State Penitentiary ("KSP"). (R. & R. 2. DN 84). Plaintiff filed this action shortly after being transferred to KSP from the Kentucky State Reformatory ("KSR"). (R. & R. 1). Plaintiff believed the meals at KSR were not kosher and demanded changes to the meals, which he had done previously during his tenure at KSP. (R. & R. 1). The Magistrate Judge ruled in favor of KSP on February 25, 2016. This Court denied Hermansen's Objections to the Magistrate's ruling on March 9, 2015. Hermansen now seeks to set aside the Court's denial.

## II.  JURISDICTION

This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

## III.  STANDARD OF REVIEW

The Court interprets Plaintiff's motion as one under Federal Rule of Civil Procedure 60 for relief from a final order. Rule 60(b) of the Federal Rules of Civil Procedure provides relief from judgment in six instances:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reasons justifying relief from the operation of the judgment.  The motion must be made within a reasonable time, and for reasons (1)-(3) not more than one year after the judgment, order, or proceeding was entered.  Rule 60(b)(6) gives the Court broad authority to grant relief if justice requires; however, it can only do so in exceptional or extraordinary circumstances not addressed by the first five clauses of the rule.  *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64 (1988); *McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 383 (6th Cir. 1991) (noting that the Sixth Circuit "adheres to the view that courts should apply Rule 60(b)(6) only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."  (citation omitted)).  Relief under Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation."  *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992).

## IV.     DISCUSSION

Hermansen petitions the Court to set aside its judgment on two grounds. First, Hermansen alleges that the Court should have entered a judgment regarding the parties' agreed order. (Pl.'s Mot. to Set Aside 2, DN 93 [hereinafter Pl.'s Mot].). Second, Hermansen alleges that even though the Court denied his petition for attorney's fees after dismissing his damages claim, the Court should have granted attorney's fees regarding the parties' agreed order granting injunctive relief. (Pl.'s Mot. 3).

The Court notes that the Court's judgment pertained only to Hermansen's Objections and his Motion for Attorney's Fees. Hermansen made no request for the Court to enforce the Agreed Order, but simply attached this order to his briefing. Regardless, all information before the Court indicates that this agreement has been completed, and the Court sees no need to enter a separate judgment enforcing the agreement.

Further, the Court sees no benefit in continuing jurisdiction over this matter to prevent hypothetical violations of the order, as Hermansen requests. In addition, the Court declines to set aside its order regarding its previous ruling on attorney's fees. Hermansen argues that even if the Court declined its request for damages, Hermansen can still obtain attorney's fees accrued in the process of obtaining injunctive relief in the form of an Agreed Order. (Pl.'s Mot. 2-3). Hermansen sought attorney's fees under 42 U.S.C. § 1988. (Pl.'s Second Request for Attorney's Fees, DN 84). Section 1988 allows the Court to award "prevailing parties" to obtain attorney's fees. 42 U.S.C. § 1988. This Court has previously held that a party who obtains injunctive relief but is denied damages is not entitled to an award of attorney's fees under Section 1988 and is not considered a prevailing party. *See Hall v. United States*, No. 7571-L(G), 1982 WL 1701, at *1

(W.D. Ky. 1982). Thus, the fact Hermansen obtained injunctive relief was immaterial in the Court's consideration of attorney's fees. Therefore, Hermansen's motion will be denied.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Set Aside (DN 93) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

July 25, 2016

cc: counsel of record